IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\-------------------------------
|                                    |   |                          |
|---|---|---|
|                                    | : | CIVIL ACTION No.         |
| RAHIM ABDULLAH                     | : |                          |
|             Plaintiff,             | : |                          |
|     vs.                            | : |                          |
|                                    | : |                          |
| SEPTA                              | : |                          |
|             Defendant              | : |                          |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Americans with Disabilities Act, (ADA) as amended under ADAAA, and the Pennsylvania Human Relations Act, (PHRA), which prohibit discrimination and failure to accommodate employees with disabilities by employers and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disabilities discrimination by SEPTA.

### II.     JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.   Plaintiff has exhausted his administrative remedies before bringing this

1

action. On August 7, 2013, the United States Equal Employment Opportunity Commission, issued Plaintiff his right to sue letter, (see attached copy), and it has been over one year since Plaintiff dual filed his administrative complaint under the ADA and PHRA with the Pennsylvania Human Relations Commission.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

### III. PARTIES

6. Plaintiff, Rahim Abdullah, is a citizen of the United States, who currently resides in Newark, Delawre.

7. Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

### IV. BRIEF STATEMENT OF FACTS

8. Plaintiff was hired by SEPTA in or about June 17, 2002, as a Bus Driver, and was reassigned to the position of Cashier after he was medically disqualified by SEPTA's Medical Department as a Bus Driver.

9. Plaintiff is diabetic and has been diagnosed with End Stage Renal Disease. Plaintiff's impairment will last his entire lifetime.

10. Plaintiff is a disabled person as defined by the ADAAA and PHRA and is capable of performing the essential functions of his position with reasonable accommodation from SEPTA.

11. As a result of Plaintiff's disability, he is unable to urinate because his kidneys are dysfunctional.

12.     SEPTA knew about Plaintiff's disability because he informed SEPTA about his disability in November 2011.

13.     Plaintiff can perform the essential job functions of his position as a Cashier with a reasonable accommodation.

14.     Plaintiff's disability requires Dialysis three times a week.

15.     On September 17, 2012, Plaintiff hand delivered a letter from his physician to Nancy Berman, SEPTA's EEOC Specialist, Linda Yatzhomier, SEPTA's Occupational Rehabilitation Coordinator and Darryl Wade, SEPTA's Director of Subway Transportation.  Plaintiff, through his physician requested a reasonable accommodation from SEPTA because of Plaintiff's disability for flexibility in Plaintiff's work schedule so that Plaintiff could comfortably receive Dialysis treatments every morning on Mondays, Wednesdays and Fridays.

16.     However, SEPTA provided Plaintiff with work hours from 4:55 am to 1:25pm, with Tuesdays and Wednesdays off.

17.     SEPTA's work hours provided to Plaintiff did not meet Plaintiff's needs because his Dialysis treatment is in the morning and the work hours provided to Plaintiff by SEPTA does not permit Plaintiff to receive his treatment in the mornings on Mondays and Fridays.

18.     Plaintiff requested that SEPTA should provide him with split days off, that is, Mondays and Wednesdays or Wednesdays and Fridays, and afternoon shifts so he could comfortably receive his Dialysis treatment in the mornings on Mondays, Wednesdays and Fridays.  But SEPTA denied Plaintiff this request.

19.     Plaintiff is a member of the Transportation Workers' Union, Local 234 and SEPTA has provided split days off to other members of the Union without disability, and it was not an undue hardship to SEPTA for SEPTA to have granted Plaintiff's request.

20. SEPTA failed to engage Plaintiff in a good faith interactive process to discuss Plaintiff's request for accommodation.

21. SEPTA denied Plaintiff his request for accommodation but insisted that Plaintiff should use FMLA leave to attend to his Dialysis treatment. Yet, SEPTA also subjected Plaintiff to disciplinary write-up for taking time off to receive Dialysis treatment.

22. SEPTA's denial of Plaintiff's request for accommodation has also resulted in detrimental impact on Plaintiff's health and Plaintiff may be forced to discontinue his employment so as to avoid further detrimental impact on his health because of SEPTA's refusal to provide him with the requested accommodation because of his disability.

## V.     STATEMENT OF CLAIMS

### COUNT ONE – ADAAA VIOLATION – Disability Discrimination

23. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 22 as if the same were fully set forth at length herein.

24. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant discriminated against Plaintiff because of his disabilities, and failed to accommodate Plaintiff's disabilities were violations of Plaintiff's rights under the Americans with Disabilities Act.

25. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained or may sustain loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT TWO – PHRA VIOLATION – Disability Discrimination**

26. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 25 as if the same were fully set forth at length herein.

27. The acts and conduct of the Defendant as stated above where Defendant discriminated against Plaintiff because of his disabilities, and failed to accommodate Plaintiff's disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

28. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## VI.      PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and requests that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

/s/ Olugbenga O. Abiona
_____
Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID # 57026
Attorney for Plaintiff

Dated: November 4, 2013